UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **AXXIS DRILLING, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-5879** |
| **DANNY M. GRISAFFE** | **SECTION: "S" (4)** |

**ORDER AND REASONS**

**IT IS HEREBY ORDERED** that the Motion to Reconsider Motion to Dismiss Declaratory Judgment filed by defendant, Danny M. Grisaffe (Doc. #12), is **GRANTED**, and the complaint is **DISMISSED**.

**BACKGROUND**

On July 4, 2009, defendant, Danny M. Grissaffe ("Grisaffe") injured his lower back while employed as a seaman on a vessel owned by plaintiff, Axxis Drilling, Inc. ("Axxis"). Grisaffe was diagnosed with congenial spondylolisthesis forward displacement of a vertebra over a lower segment due to a developmental defect. After the accident, Axxis discovered that Grisaffe had a previous back injury which he allegedly concealed from Axxis. Specifically, on August 19, 1994, Grisaffe was in an elevator accident and injured his lower back. As a result of that accident, on March 22, 1999, Grisaffe's treating physician opined that Grisaffe was "permanently disabled from medium, heavy, and very heavy work on the basis of lumbar spondylolisthesis and chronic back pain. He

should limit his activities to light and sedentary activities. He should permanently not lift more than 25 pounds."

On August 25, 2009, Axxis filed this action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202, seeking a judgment that: (1) Grisaffe's condition is not attributable to events arising as a result of his employment with Axxis, (2) Grisaffe's current medical condition is not attributable to and did not arise in the service of any vessel owned by Axxis, (3) Grisaffe willfully and knowingly concealed a past medical condition; (4) Axxis is not liable for further maintenance and cure and is entitled to a reimbursement for any past maintenance and cure, (5) Axxis is not liable to Grisaffe under the Jones Act or general maritime law, and (6) other equitable relief.

Grisaffe filed a motion to dismiss the declaratory judgment action, arguing that Axxis' declaratory judgment action is an exercise in forum shopping and that Axxis filed it to prevent him from being able to try his maintenance and cure claim along with his Jones Act claim in a forum of his choosing. Axxis opposed the motion arguing that to date, Grissafe has not filed any action against it in which Axxis' maintenance and cure obligations could be determined, and that it filed the action because it seeks a judgment regarding its maintenance and cure responsibilities. Specifically, Axxis argued that it has paid maintenance and cure to Grisaffe, although it does not think it has such liability, to avoid the possibility of punitive damages. The court denied Grisaffe's motion to dismiss finding that Grisaffe had not filed an action against Axxis, and that Axxis required a speedy resolution to the maintenance and cure issue in light of the holding of <u>Atl. Sounding Co., Inc. v. Townsend</u>, 129 S.Ct. 2561, 2575 (2009), in which the Supreme Court of the United States

2

held that an employer of an injured seaman may be liable for punitive damages for willful and wanton disregard of its maintenance and cure obligations.

Grisaffe filed a motion to reconsider the court's denial of his motion to dismiss. Grisaffe re-urges his arguments that Axxis' declaratory judgment action is an exercise in forum shopping and that he should be permitted to try his maintenance and cure claim along with his Jones Act claim to a jury in a forum of his choosing. Further, Grisaffe argues that the court should reconsider its previous ruling because he has now filed an action against Axxis regarding the July 4, 2009, accident in 16th Judicial District Court for the Parish of St. Martin, State of Louisiana in which he asserts claims under the Jones Act and the general maritime law, along with claims for maintenance and cure.

Axxis argues that reconsideration and dismissal are not appropriate because it still requires a speedy resolution to the maintenance and cure issue due to the potential for punitive damages for willful and wanton disregard of its maintenance and cure obligations. Axxis contends that it does not believe it owes maintenance and cure to Grisaffe, but has paid it to avoid the possibility of punitive damages if it were found to have acted with wanton disregard for Grisaffe's condition. Axxis argues that it must have its rights declared so that it can stop the payments.

**ANALYSIS**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U. S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). A motion for reconsideration filed more than ten days after the entry of the order is treated as a motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. Texas A & M Research Found. v. Magna Transp., Inc., 338 F.3d

393, 400-01 (5th Cir. 2003). Rule 60(b) provides several reasons that a court may relieve a party from an order:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Grisaffe's motion was filed more than ten days after the court's ruling and will be considered a Rule 60(b) motion.

Grisaffe seeks reconsideration because he has now filed an action against Axxis under the Jones Act and general maritime law, and for maintenance and cure, regarding the July 4, 2009, accident in the 16th Judicial District Court for the Parish of St. Martin, State of Louisiana. When a seaman joins a maintenance and cure claim with a Jones Act claim, and both claims arise out of the same set of facts, the maintenance and cure claim must be submitted to the jury. Fitzgerald v. U.S. Lines Co., 83 S.Ct. 1646 (1963). Grisaffe has done so in his state court lawsuit; therefore, going forward with Axxis' declaratory judgment action would infringe upon Grisaffe's right to have his claims heard by a jury in the forum of his choosing. See id.; see also Peteet v. Dow Chem. Co., 868

4

F.2d 1428, 1436 (5th Cir. 1989). Further, Axxis has not established that its rights and obligations regarding Grisaffe's maintenance and cure claim cannot be timely adjudicated in the state court.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Reconsider Motion to Dismiss Declaratory Judgment filed by defendant, Danny M. Grisaffe (Doc. #12), is **GRANTED**, and the complaint is **DISMISSED**.

New Orleans, Louisiana, this 30th day of March, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**